UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BRELO,<br><br>        Plaintiff,<br><br>  v.<br><br>DONALD TRUMP, et al.,<br><br>        Defendants. | Case No. 19-cv-00017-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 13, 14, 22 |

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he was held in unsafe conditions and was beaten by sheriff's deputies.

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).  But under both clauses, the inmate must show that the prison official acted with deliberate indifference.  *Id.* at 1068.[1]  Under the Fourteenth

_____

[1] The standard of culpability for a claim for use of excessive force is different.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (convicted prisoner's claim for use of excessive force under 8th Amendment requires that prisoner show that officials applied force maliciously and sadistically to cause harm); *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (pretrial detainee's claim for use of excessive force under 14th Amendment requires that detainee show that force purposely or knowingly used against

Amendment, a pretrial detainee plaintiff also must show that the challenged prison condition amounts to punishment because it is not "reasonably related to a legitimate governmental objective." *Byrd v. Maricopa Cty. Board of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017) (quoting *Bell*, 441 U.S. at 539). If the particular restriction or condition is reasonably related, without more, it does not amount to punishment. *Bell*, 441 U.S. at 538-39. *But cf. Shorter v. Baca*, 895 F.3d 1176, 1189 (9th Cir. 2018) (holding jail officials not entitled to deference where they offered no reason for keeping mentally ill inmates shackled and unclothed, without food, water, or access to a toilet for hours at a time).

Most of plaintiff's complaint states that there is a vast conspiracy of United States Presidents, the military and other government officials against the country. These allegations are frivolous and are dismissed with prejudice from this action. Plaintiff does briefly state that he was assaulted by deputies on repeated occasions and kept in a hot car where he suffered heat stroke. These claims are dismissed with leave to amend to provide more information. He should identify specific defendants and describe their actions. Plaintiff should also indicate if he is a pretrial detainee or a convicted prisoner. Plaintiff's amended complaint should only discuss his allegations against defendants at Mendocino County Jail. If plaintiff continues to present allegations of conspiracy against United States Government officials this entire case may be dismissed, regardless if there are cognizable claims against the jail officials. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

Furthermore, the Prison Litigation Reform Act, amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff states the he did not exhaust because his complaint involved issues not in the jail. Those claims have been dismissed. To proceed

---

him was objectively unreasonable).

with claims against jail officials, plaintiff must exhaust his administrative remedies.  If plaintiff seeks to exhaust his administrative remedies, this case will be dismissed without prejudice and he may refile when the claims have been exhausted.

Plaintiff has also filed a motion to appoint counsel.  There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, see 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel."  *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  The issues are not complex and the court will consider appointing counsel if the case continues past screening.  The motion to appoint counsel is denied without prejudice.

## CONCLUSION

1.  The motion to appoint counsel (Docket No. 13) is **DENIED** without prejudice.  Plaintiff's remaining motions (Docket Nos. 14, 22) are **DENIED** as frivolous.

2.  The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed no later than **March 9, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to file an amended complaint may result in dismissal of this case.

3.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

United States District Court
Northern District of California

4

court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 8, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD BRELO,

          Plaintiff,

    v.

DONALD TRUMP, et al.,

          Defendants.

Case No. 19-cv-00017-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard  Brelo ID: A#79936
Mendocino County Sheriff's Office
Corrections Division
951 Low Gap Road
Ukiah, CA 95482

Dated: February 8, 2019

Susan Y. Soong
Clerk, United States District Court

By: _Kelly Collins_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON